## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

UNITED STATES OF AMERICA,      )
                                     )
v.                                )     Criminal No. 3:09-cr-181–HEH-2
                                     )
MONTA TERRY GIBBS,         )
                                     )
            Defendant.     )

### <u>MEMORANDUM OPINION</u>
### (Denying 28 U.S.C. § 2255 Motion)

Defendant Monta Terry Gibbs ("Defendant"), a federal inmate proceeding with counsel, filed this successive 28 U.S.C. § 2255 Motion (the "Successive § 2255 Motion," ECF No. 64) on April 13, 2021, arguing that his firearm conviction and sentence are invalid under *United States v. Davis*, 139 S. Ct. 2319 (2019) and *Johnson v. United States*, 576 U.S. 591 (2015). (Mot. at 1, 16.) As explained below, Defendant's argument lacks merit and will be denied.

## I. FACTUAL AND PROCEDURAL HISTORY

On June 2, 2009, Defendant was charged with: conspiracy to interfere with commerce by threats and violence by robbing Paul Terry Boyles (Count One); interference with commerce by threats and violence ("Hobbs Act robbery") by robbing Paul Terry Boyles (Count Two); brandishing a firearm in furtherance of a crime of violence, to wit, the crime charged in Count Two (Count Three); and possession of a firearm and ammunition by a convicted felon (Count Four). (Indictment 1–2, ECF No. 1.)

On September 8, 2009, pursuant to a Plea Agreement (ECF No. 23), Defendant pled guilty to Counts One and Three and the Government agreed to dismiss the remaining charges. (*Id.* at 1, 5.) On December 11, 2009, the Court sentenced Defendant to sixty (60) months of imprisonment on Count One and eighty-four (84) months on Count Three, to be served consecutively. (Minute Entry at 2, ECF No. 31; J. at 2, ECF No. 34.)

On August 22, 2016, Defendant filed his initial § 2255 Motion (ECF No. 47),[1] arguing that his firearm conviction and sentence were invalid under *Johnson v. United States*, 576 U.S. 591 (2015). By Memorandum Opinion and Order entered March 29, 2019, the Court denied Defendant's initial § 2255 Motion. (ECF Nos. 51, 52.)

On March 12, 2021, the Fourth Circuit granted Defendant authorization to file a successive § 2255. (Order at 1, ECF No. 61.) Thereafter, Defendant, by counsel, filed this Successive § 2255 Motion. Defendant contends that, after *United States v. Davis*, 139 S. Ct. 2319 (2019), his conviction on Count Three cannot stand because Hobbs Act conspiracy under 18 U.S.C. § 1951(a) is not a "crime of violence."

## II. ANALYSIS

In *Johnson v. United States*, 576 U.S. 591 (2015), the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process,"[2] because the

---

[1] Defendant initially filed a *pro se* § 2255 Motion on June 23, 2016. (ECF No. 44.) The next day, counsel filed a § 2255 Motion on Defendant's behalf. (ECF No. 43.) On August 22, 2016, pursuant to the Court's Order (ECF No. 46), Defendant file a consolidated § 2255 Motion. (ECF No. 47.) The Court ordered that the matter would proceed on the August 22, 2016 motion. (Mem. Order at 1, ECF No. 48.)

[2] The ACCA provides that:

Residual Clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" in an unconstitutionally vague manner. *Id.* at 597, 606. It was unconstitutionally vague because the Residual Clause encompassed "conduct that presents a serious potential risk of physical injury to another." *Id.* at 596–98 (citation omitted). Subsequently, in *Welch v. United States*, 578 U.S. 120 (2016), the Supreme Court held that "*Johnson* announced a substantive rule [of law] that has retroactive effect in cases on collateral review." *Id.* at 135.

Title 18 U.S.C. § 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five (5) years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven (7) years. *Id.* § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten (10) years. *Id.* § 924(c)(1)(A)(iii).

At the time of Defendant's convictions, the United States could demonstrate that an underlying offense constituted a crime of violence if it established that the offense was a felony and satisfied one of two (2) requirements. Namely, the statute defined a crime of

---

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the Residual Clause of the ACCA, the term "violent felony" was "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 576 U.S. at 593 (quoting *Id.* § 924(e)(2)(B)).

3

violence as any felony:

> **(A)** [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "force clause")], or
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "residual clause")].

*Id.* § 924(c)(3). Subsequently, the Supreme Court invalidated the residual clause of

§ 924(c). *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) (holding that

"§ 924(c)(3)(B) is unconstitutionally vague"). Furthermore, the Fourth Circuit has

determined that conspiracy to commit Hobbs Act robbery fails to qualify as a crime of

violence under the force clause. *See United States v. Simms*, 914 F.3d 229, 233–34 (4th

Cir. 2019).

Nevertheless, none of this alters the validity of Defendant's conviction on Count

Three. Defendant was convicted of using, carrying and brandishing a firearm during the

commission of a crime of violence, to wit, the Hobbs Act robbery of Paul Terry Boyles,

in violation of 18 U.S.C. § 924(c).[3] Hobbs Act robbery continues to qualify as a crime of

violence under the force clause. *See United States v. Mathi*s, 932 F.3d 242, 266 (4th Cir.

2019).

---

[3] Count Three of the Indictment charged Defendant with brandishing a firearm in conjunction with the Hobbs Act robbery charged in Count Two. (Indictment at 2.) Although Defendant was also charged with and convicted of conspiracy to commit Hobbs Act robbery, he was not charged with use of a firearm in conjunction with that conspiracy.

### III. CONCLUSION

The Successive § 2255 Motion (ECF No. 64) will be denied.  Defendant's claim

and the action will be dismissed.  A certificate of appealability will be denied.

An appropriate Order shall accompany this Memorandum Opinion.

/s/

Henry E. Hudson
Senior United States District Judge

Date: April 23, 2024
Richmond, Virginia